```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
             CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case No. |
| | ) | 5:97-cr-44-JMH-1 |
| v. | ) ) | |
| DONNELL MARTIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter comes before the Court on Defendant Donnell Martin's Motion for Early Termination of Supervised Release. [DE 126]. For the following reasons, the Court will deny Martin's Motion [DE 126].

## I. BACKGROUND

On July 15, 1997, Martin pleaded guilty to conspiracy to possess with the intent to distribute 149 grams of cocaine base, [DE 39], and was subsequently sentenced to 240 months imprisonment followed by ten (10) years of supervised release, [DE 66]. On May 21, 2010, Martin's sentence was amended to time served and eight (8) years supervised release to be served consecutively to a sentence he was serving in the United States District Court for Florida. [DE 114]. Martin began his term of supervised release on May 16, 2019. [DE 128, at 2]. He is currently 53 years old and has a criminal history category VI. *Id*.

On April 14, 2022, Martin filed the present Motion for Early Termination of Supervised Release [DE 126]. The United States has filed a Response [DE 128], as directed by the Court, [DE 127]. Accordingly, this matter is fully briefed, and ripe for review.

## II. DISCUSSION

Martin moves for early termination of supervised release under 18 U.S.C. § 3583(e), which states the following:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice .
> . . .

The previously mentioned 18 U.S.C. § 3553 factors are as follows:

> (a) Factors to be considered in imposing a sentence.--
> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>     (2) the need for the sentence imposed--
>     . . .
>         (B) to afford adequate deterrence to criminal conduct;
>         (C) to protect the public from further crimes of the defendant; and
>         (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

2

>. . .
>(4) the kinds of sentence and the sentencing range established for--
>>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>>(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>(5) any pertinent policy statement--
>>(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

3

>  (7) the need to provide restitution to any victims of the offense.

Here, Martin asserts that the § 3553 factors weigh in favor of granting his Motion [DE 126]. Martin proclaims that he is employed, continues to comply with his conditions of supervised release, has acquired a Commercial Driver's License, and has strong support from his family. *See* [DE 126]. Martin seeks early termination of his supervised release because he has been forced to decline offers for several job opportunities that required him to drive outside of the boundaries set forth in his supervised release conditions. *Id*. at 3.

In response, both the United States and the United States Probation Office object to Martin's request for early termination of supervised release due to his violent and drug-related criminal history and the fact that he has served less than three (3) years of his eight (8) year term of supervised release. [DE 128, at 3]. Not only did Martin commit a drug trafficking crime while on probation, but he also has convictions for armed robbery, wanton endangerment, assault, carrying a concealed weapon, and other drug-related offenses. *Id*. Accordingly, the United States correctly asserts that Martin is a serious offender, and his term of supervised release "addresses Martin's history and characteristics, the need to protect the public, avoiding unwarranted disparities among similar situated defendants while

4

providing just punishment for the offense pursuant to 18 U.S.C. § 3553(a)(2)(A)." *Id*.

The Court commends Martin on what appears to be a genuine effort at rehabilitation and hopes Martin will stay on that path. However, due to Martin's criminal history and his past propensity to violate probation, the Court is not inclined to terminate his term of supervised release. If Martin is serious about his rehabilitation, he should have no problem with the U.S. Probation Office overseeing that rehabilitation for what remains of his term of supervision. The Court asks that Martin not see this decision as a setback or a condemnation on the progress he has made in prison and throughout his term of supervision. Instead, Martin should consider this as just another stop on his road to regaining both the Court and the community's trust. As much as the Court would like to believe that Martin no longer needs supervision, the potential for harm if that belief proves false is too high to end his term of supervised release prematurely. Therefore, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant Donnell Martin's Motion for Early Termination of Supervised Release [DE 126] is **DENIED.**

This 9th day of May, 2022.

5



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge